# EXHIBIT 1

2024 WL 4406909 (Table)
Only the Westlaw citation is currently available.
Supreme Court of Pennsylvania.

REPUBLICAN NATIONAL COMMITTEE AND REPUBLICAN PARTY OF PENNSYLVANIA, Petitioners

v.

AL SCHMIDT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE COMMONWEALTH, AND ALL 67 COUNTY BOARDS OF ELECTIONS (ADAMS COUNTY BOARD OF ELECTIONS; ALLEGHENY COUNTY BOARD OF ELECTIONS; ARMSTRONG COUNTY BOARD OF ELECTIONS; BEAVER COUNTY BOARD OF ELECTIONS; BEDFORD COUNTY BOARD OF ELECTIONS; BERKS COUNTY BOARD OF ELECTIONS; BLAIR COUNTY BOARD OF ELECTIONS; BRADFORD COUNTY BOARD OF ELECTIONS; BUCKS COUNTY BOARD OF ELECTIONS; BUTLER COUNTY BOARD OF ELECTIONS; CAMBRIA COUNTY BOARD OF ELECTIONS; CAMERON COUNTY BOARD OF ELECTIONS; CARBON COUNTY BOARD OF ELECTIONS; CENTRE COUNTY BOARD OF ELECTIONS; CHESTER COUNTY BOARD OF ELECTIONS; CLARION COUNTY BOARD OF ELECTIONS; CLEARFIELD COUNTY BOARD OF ELECTIONS; CLINTON COUNTY BOARD OF ELECTIONS; COLUMBIA COUNTY BOARD OF ELECTIONS; CRAWFORD COUNTY BOARD OF ELECTIONS; CUMBERLAND COUNTY BOARD OF ELECTIONS; DAUPHIN COUNTY BOARD OF ELECTIONS; DELAWARE COUNTY BOARD OF ELECTIONS; ELK COUNTY BOARD OF ELECTIONS; ERIE COUNTY BOARD OF ELECTIONS; FAYETTE COUNTY BOARD OF ELECTIONS; FOREST COUNTY BOARD OF ELECTIONS; FRANKLIN COUNTY BOARD OF ELECTIONS; FULTON COUNTY BOARD OF ELECTIONS; GREENE COUNTY BOARD OF ELECTIONS; HUNTINGDON COUNTY BOARD OF ELECTIONS; INDIANA COUNTY BOARD OF ELECTIONS; JEFFERSON COUNTY BOARD OF ELECTIONS; JUNIATA COUNTY BOARD OF ELECTIONS; LACKAWANNA COUNTY BOARD OF ELECTIONS; LANCASTER COUNTY BOARD OF ELECTIONS; LAWRENCE COUNTY BOARD OF ELECTIONS; LEBANON COUNTY BOARD OF ELECTIONS; LEHIGH COUNTY BOARD OF ELECTIONS; LUZERNE COUNTY BOARD OF ELECTIONS; LYCOMING COUNTY BOARD OF ELECTIONS; MCKEAN COUNTY BOARD OF ELECTIONS; MERCER COUNTY BOARD OF ELECTIONS; MIFFLIN COUNTY BOARD OF ELECTIONS; MONROE COUNTY BOARD OF ELECTIONS; MONTGOMERY COUNTY BOARD OF ELECTIONS; MONTOUR COUNTY BOARD OF ELECTIONS; NORTHAMPTON COUNTY BOARD OF ELECTIONS; NORTHUMBERLAND COUNTY BOARD OF ELECTIONS; PERRY COUNTY BOARD OF ELECTIONS; PHILADELPHIA COUNTY BOARD OF ELECTIONS; PIKE COUNTY BOARD OF ELECTIONS; POTTER COUNTY BOARD OF ELECTIONS; SCHUYLKILL COUNTY BOARD OF ELECTIONS; SNYDER COUNTY BOARD OF ELECTIONS; SOMERSET COUNTY BOARD OF ELECTIONS; SULLIVAN COUNTY BOARD OF ELECTIONS; SUSQUEHANNA COUNTY BOARD OF ELECTIONS; TIOGA COUNTY BOARD OF ELECTIONS; UNION COUNTY BOARD OF ELECTIONS; VENANGO COUNTY BOARD OF ELECTIONS; WARREN COUNTY BOARD OF ELECTIONS; WASHINGTON COUNTY BOARD OF ELECTIONS; WAYNE COUNTY BOARD OF ELECTIONS; WESTMORELAND COUNTY BOARD OF ELECTIONS; WYOMING COUNTY BOARD OF ELECTIONS; AND YORK COUNTY BOARD OF ELECTIONS), Respondents

No. **108 MM 2024**
|
October 5, 2024

### **ORDER**

PER CURIAM

**\*1 AND NOW,** this 5th day of October, 2024, Petitioners' Application for the Exercise of King's Bench or Extraordinary Jurisdiction is hereby **DENIED**. *See Stilp v. Hafer*, 718 A.2d 290, 292 (Pa. 1998) ("Laches .. bars relief when a complaining party is guilty of want of due diligence in failing to promptly institute an action to the prejudice of another.); *Kelly v. Commonwealth*, 240 A.3d 1255 (lack of due diligence demonstrated where action could have been brought at an earlier date and prejudice to voters would result from disruptive late filing). King's Bench jurisdiction will not be exercised where, as here, the alleged need for timely intervention is created by Petitioners' own failure to proceed expeditiously and thus, the need for timely intervention has not been demonstrated. *See In re Bruno,* 101 A.3d 635, 670 (2014) ("[T]he Court will generally employ the King's Bench authority when the issue requires timely intervention by the court of last resort of the Commonwealth and is one of public importance."). [1]

Further, Petitioners' Application for the Exercise of King's Bench jurisdiction over *Genser v. Butler County Board of Elections*, 1074 & 1085 C.D. 2024, 2024 WL 4051375, *appeal granted in part*, 2024 WL 4248971 (Pa. Sept., 20, 2024), is **DENIED**, as this Court has assumed appellate jurisdiction of that matter. The Application for Leave to Amend Answer filed by Respondents Allegheny, Bucks, Chester, Montgomery and Philadelphia is **GRANTED**. Petitioners' Application for Relief to File an Exhibit Under Seal and Application for Relief to File Supplemental Response to Application for Leave to Intervene are **DENIED**. The Applications of Faith A. Genser, Frank P. Matis, Center for Coalfield Justice, Washington Branch NAACP, Bruce Jacobs, Jeffrey Marks, June Devaughn Hython, Erika Worobec, Sanda Macioce, Kenneth Elliott, David Dean, the Democratic National Committee and the Pennsylvania Democratic Party to Intervene are **DISMISSED AS MOOT**.

Justice Brobson files a concurring statement in which Justice Mundy joins.

## CONCURRING STATEMENT

JUSTICE BROBSON

**\*2** I agree with the *per curiam* disposition of this matter. As this Court stated in *New PA Project Education Fund v. Schmidt* (Pa., No. 112 MM 2024, filed Oct. 5, 2024) (PCO), "[t]his Court will neither impose nor countenance substantial alterations to existing laws and procedures during the pendency of an ongoing election." [1]

Petitioners do raise some important questions with respect to the authority of county boards of election to create and implement their own "notice and cure" procedures under the Election Code [2] absent express legislative authority to do so and, if they do, whether the varied "notice and cure" practices and policies from county-to-county violate Article I, Section 5 [3] and/or Article VII, Section 6 [4] of the Pennsylvania Constitution. That said, the 2024 General Election is underway. Petitioners, however, could have pursued these challenges in a more-timely fashion. Deciding these questions at this point would, in my view, be highly disruptive to county election administration. Moreover, I can see the potential need to develop a factual record in this matter, which could prove difficult in the compressed timeframe available to us.

The decision to deny the application, however, does not mean that these important questions should not be decided in advance of future elections. Petitioners, or anyone else with standing for that matter, may present these challenges after the impending election for consideration by an appropriate court with appropriate parties in the ordinary course.

Justice Mundy joins this concurring statement.

**All Citations**

Slip Copy, 2024 WL 4406909 (Table)

---

**Footnotes**

1   In September 2022, approximately two months before the General Election, Petitioners filed a petition for review in the Commonwealth Court's original jurisdiction against the acting Secretary of the Commonwealth

and all sixty-seven County Boards. In that case, as here, they challenged the implementation of county-level notice and cure procedures for defective absentee and mail-in ballots. Ultimately, the Commonwealth Court dismissed the action, concluding that it lacked jurisdiction over Petitioners' claims. *Republican Nat'l Comm. v. Schmidt* (Pa. Cmwlth., No. 447 M.D. 2022 at 28, filed March 23, 2023) (unreported decision) (concluding that "jurisdiction for an action challenging a [c]ounty [b]oard's development and implementation of notice and cure procedures properly lies in the respective [c]ounty's court of common pleas."). Three election cycles have since passed, and the Petitioners have not challenged any of the county notice and cure policies in a court of common pleas. Petitioners filed their instant Application on September 18, 2024.

1   *See Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) (per curiam) ("Court orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase."); *See also Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016) ("Call it what you will—laches, the *Purcell* principle, or common sense—the idea is that courts will not disrupt imminent elections absent a powerful reason for doing so.").

2   Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2601-3556.

3   "Elections shall be free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage." Pa. Const. art. I, § 5.

4   "All laws regulating the holding of elections by the citizens, or for the registration of electors, shall be uniform throughout the State ...." Pa. Const. art. VII, § 6.

---

**End of Document**   © 2024 Thomson Reuters. No claim to original U.S. Government Works.