IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:24-cv-547-M-RJ

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE; and NORTH CAROLINA REPUBLICAN PARTY,<br><br>*Plaintiffs*,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, *et al.*,<br><br>*Defendants*,<br><br>and<br><br>THE DEMOCRATIC NATIONAL COMMITTEE,<br><br>*Defendant-Intervenors*. | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND** |

## INTRODUCTION

On its face, Plaintiffs' Complaint raises only state law causes of action. Defendants ask this Court to ignore that fact and retain jurisdiction in a thinly veiled attempt at forum-shopping. Well-established precedent forecloses Defendants' arguments from the outset.

Stripped of its conclusory language, Defendants' Response to Plaintiffs' Motion to Remand proves why remand is necessary. **First**, there is no disputed question of federal law at issue. Rather, Defendants' dispute is one of both remedies and defenses. Yet neither a remedy nor a defense can form the basis for federal jurisdiction. *See Caterpillar Inc., v. Williams*, 482 U.S. 386, 392-393 (1987); *see also Common Cause v. Lewis*, 358 F. Supp. 3d 505, 514 (E.D.N.C. 2019), *aff'd*, 956 F.3d 246 (4th Cir. 2020) (rejecting the argument that removal was proper because a state law

1

challenge's remedy would conflict with federal law); *Aegis Def. Servs., LLC v. Chenega-Patriot Grp., LLC,* 141 F. Supp. 3d 479, 485 (E.D. Va. 2015) (holding that even if the remedy sought is exclusively federal in nature, that alone does not support federal question jurisdiction if the claim itself is based in state law).

Defendants concede that they failed to comply with certain mandates of the Help America Vote Act ("HAVA") and, thus, N.C. Gen. Stat. § 163-82.11(c). (Dkt. 51 at p. 4). With that concession, the only remaining question is whether Defendants' failure to seek this information violates North Carolina state law. (Compl. ¶¶ 77-96). This Court is not the proper forum to answer that question.

**Second**, Defendants' wholesale reliance on N.C. Gen. Stat. § 163-82.11(c)'s reference to HAVA does not create federal jurisdiction. The presence of a federal issue within a state law cause of action does not *per se* confer federal jurisdiction. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). **Third**, Defendants' theory of federal jurisdiction runs headlong into state sovereignty and a state court's ability to decide unsettled questions of state law. Not only is resolution of this case in state court both necessary and proper, but doctrines of abstention counsel against any further involvement by this Court. *See Railroad Comm'n. of Texas v. Pullman Co.*, 312 U.S. 496 (1941). **Fourth**, Plaintiffs' requested relief cannot be squared with the type of removal contemplated by either the text or the history of 28 U.S.C.§ 1443(2).

At its core, Defendants' arguments ask this court to expand a doctrine of removal which the Fourth Circuit has coined as applying only to a "slim category of cases" beyond its current boundaries. *See Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019). Defendants cannot merely cite to federal law in hopes that jurisdiction will materialize. *See Common Cause* 358 F. Supp. 3d at 514; *see also Appalachian Power Co. v. Region Properties, Inc*., 364 F. Supp. 1273,

1275 (W.D. Va. 1973). Precedent makes clear that a remand to state court is warranted in situations such as this. Because state law, and only state law, dictates this case, Plaintiffs respectfully request that this Court reject Defendants' efforts and issue an order remanding the case to state court.

## **ARGUMENT**

As a threshold matter this Court must resolve questions of its jurisdiction before it can proceed to any merits-based analyses. *See Hensley v. City of Charlotte*, No. 21-2308, 2023 WL 1990298, at *2 (4th Cir. Feb. 14, 2023). As the removing party, Defendants have the burden to establish the existence of subject matter jurisdiction. *See Mayor of Balt. v. BP P.L.C.*, 31 F.4th 178, 197 (4th Cir. 2022), *cert. denied*, 143 S.Ct. 1795 (2023). Defendants wholly fail to carry their burden and, as a result, a remand to state court is proper.

**I.** ***Defendants' Arguments Under 28 U.S.C. § 1441(a) Fail as There is No Substantial, Let Alone a Disputed, Question of Federal Law at Issue***

Defendants' Response leans heavily on the substantial federal question inquiry of 28 U.S.C. § 1441(a).[1] The Fourth Circuit has described this jurisdictional basis as applying to only a "slim category of cases," requiring that the federal question meet all four prongs of a fact-intensive inquiry. *See Burrell*, 918 F.3d at 380. Those four factors—or as Defendants call them, the "*Gunn-Grable* framework" are: (1) the federal question must be necessarily raised; (2) the federal question must be actually disputed; (3) the federal question must be substantial, "meaning that its resolution is important to the federal system as a whole,"; and (4) "the federal system must be able to hear

---

[1] Defendants' citation to *North Carolina ex. rel. N.C. Dep't of Admin. v. Alcoa Power Generating, Inc.*, is inapposite. In *Alcoa,* the question presented involved a challenge to waterway navigability and state ownership rights arising from a binding and fact-specific interpretation of Supreme Court precedent, along with a right which turned on a unique theory of statehood rights and state sovereignty. 853 F.3d 140, 146-47 (4th Cir. 2017). None of those theories are applicable here. If anything, *Alcoa*'s narrow holding shows that this dispute is solely one of state law.

3

the issue without disturbing any congressionally approved balance for federal and state judicial responsibilities." *See id*. Defendants' arguments fail each step of the way.

### A. No Federal Question is "Necessarily Raised" in the Complaint

"[A] plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when **every** legal theory supporting the claim requires the resolution of a federal issue." *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 182 (4th Cir. 2014) (emphasis in original). "In other words, if the plaintiff can support [the] claim with even one theory that does not call for an interpretation of federal law, [the] claim does not arise under federal law[.]" *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 818 (4th Cir. 2004). For a federal question to be deemed "necessarily raised," under the first prong of the *Gunn-Grable* framework, it must be a "necessary element of one of the well-pleaded state claims." *See Burrell*, 918 F.3d at 381. However, the court must distinguish between state law claims which may involve federal standards and those which necessarily turn on a question of federal law because "the mere presence of a federal issue in a state cause of action is not enough to confer [federal] jurisdiction." *See Merrell Dow Pharms. Inc.* 478 U.S. at 813. Plaintiffs' causes of action fall into the former of the two categories.

Defendants' theory of removal is predicated on the notion that because N.C. Gen. Stat. §163-82.11(c) takes guidance from HAVA, that any resolution thereunder must necessarily involve some construction of HAVA. But this reading of the Complaint is both unsupported and contrary to precedent. *Dixon v. Coburg Dairy, Inc*., 369 F.3d 811, 818-19 (4th Cir. 2004) (*en banc*) (finding removal improper when the allegations could plausibly involve construction of state law issues as well as federal law); *see also Common Cause*, 358 F.Supp.3d at 514 (rejecting the claim that removal was warranted under the theory that federal law was an "affirmative element" of plaintiffs' *prima facie* claim). Defendants' theory would have the Court read N.C. Gen. Stat. § 163-82.11(c),

4

as though it restates HAVA and nothing more; the text of the statute does not support Defendants' argument. In fact, the statute's plain text reveals cross references to other state statutory schemes beyond HAVA for additional guidance. Defendants do not argue that those statutes confer a basis for federal jurisdiction, nor could they. Indeed, the statute itself reveals the intensely fact-specific state law inquiry Plaintiffs' claims require. Not only is such an inquiry plausible on the face of the Complaint, but it is probable. Defendants cannot cite to any authority for the proposition that a state law's internal cross reference, even to a federal statute, makes the question *per se* one of federal law.

In an attempt to distract from this inconvenient fact, Defendants argue that this Court must construe HAVA in order to provide Plaintiffs their requested relief. For the reasons previously discussed, this argument is unconvincing. No party disputes that HAVA provides some—but importantly not all—guardrails for Defendants' compliance with N.C. Gen. Stat. § 163-82.11(c). At most, Plaintiffs' Complaint, much like the statute itself, merely shows that Defendants' actions (or inaction) involve tangential federal issues. What Defendants ignore is that the Complaint's driving question, whether they maintained the state's voter registration lists in compliance with all that state law requires, does not necessarily turn on any question of federal law. Thus, the Complaint does not "necessarily raise" a question of federal law.

B.  **Defendants' Response Confirms There is No Disputed Question of Federal Law**

Whether or not a disputed question of federal law exists is determined by looking at the substance of Plaintiffs' claims, along with any facts the parties agree upon. *See Pressl v. Appalachian Power Co.*, 842 F.3d 299, 305 (4th Cir. 2016). Where the parties agree about a federal law but disagree about a state law, courts routinely find that there is no federal question in dispute. *See, e.g., Mullins v. Dominion Energy S.C. Inc.*, No. 3:21-CV-03165-SAL, 2022 WL 1498293, at

5

*4 (D.S.C. May 12, 2022) (finding that there was no federal question in dispute when the parties agreed on defendants' federal licensure status but disagreed on duties owed to plaintiffs under state law). Further, it is well established that asserting a defense based on federal law does not transform the state law claims into federal questions. *See Caterpillar Inc.* 482 U.S. at 392-93; *see also Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 198-99 (4th Cir. 2022), *cert denied*, 143 S. Ct. 1795 (2023). Naturally, this same principle holds true for assertions of federal obstacles to state law remedies. *See, e.g., Aegis Def. Servs., LLC*, 141 F. Supp. 3d at 485. This shines a light on the most glaring deficiencies of Defendants' removal arguments.

First, Defendants concede that they failed to collect the information HAVA requires, namely, that Defendants allowed applicants to register to vote without providing a social security number or driver's license number. (Dkt. 51 at p. 4). This admission forecloses any further inquiry into whether Plaintiffs' claims present a disputed question of federal law. *See Pressl*, 842 F.3d at 305. The only remaining question is one of state law, i.e., whether or not Defendants' failure to maintain accurate statewide voter registration lists under state law is actionable.

Second, Defendants cannot circumvent the lack of a disputed question of federal law by asserting a federal defense, even if that defense is cloaked in the guise of a question. At their core, each of the federal "questions" Defendants claim warrant this court's jurisdiction are actually disputes over remedies.[2] Aside from failing to establish the existence of a disputed federal question, it is also worth noting the implicit irony in Defendants' arguments. Defendants violated

---

[2] For example, Defendants, for the first time, raise the argument that they "disagree" with Plaintiffs' "construction of HAVA." (Dkt. 51 p. 9 ¶ II(B)). Setting aside Defendants' apparent attempts to manufacture a disputed question of federal law in a last-ditch effort to avoid remand, Defendants' arguments are, at their core, questions of remedies and defenses. For example, this entire section of Defendants' Response is dedicated to whether Plaintiffs' requested relief is feasible under HAVA. That, by its very nature, is a defense. *See Burrell*, 918 F.3d at 381 ("It is **not** enough that federal law becomes relevant by virtue of a [defense].") (citation omitted) (emphasis in original).

6

the law, admitted they violated the law, and then refused to act to remedy their violations. Instead of taking any actions to rectify their wrongdoings, Defendants sat idly by in an attempt to run out the clock. Now, when Plaintiffs seek relief, Defendants raise federal law as a defense as a shield to block any action. There is good reason why federal courts routinely reject such arguments as the basis for jurisdiction, and this type of gamesmanship is exactly why. *See Flying Pigs, LLC*, 757 F.3d at 181. Thus, this *Gunn-Grable* factor also weighs in favor of remand.

C. **Any Federal Question Presented Here is Not Substantial As It Relates Solely to North Carolina's Voter Registration Lists**

"In general, "a nearly pure issue of law, the resolution of which would establish a rule applicable to numerous ... cases" is substantial, while a "fact-bound and situation-specific" issue is not." *Columbus Emergency Grp., LLC v. Blue Cross & Blue Shield of N. Carolina*, No. 7:23-CV-1601-FL, 2024 WL 1342764, at *3 (E.D.N.C. Mar. 29, 2024). This court recently reaffirmed the Fourth Circuit's fundamental principle that "'fact-intensive inquiries into [defendant's] compliance with certain [federal] requirements' [are] not 'substantial in the relevant sense.'" *Id.* This rule, the *Columbus* court held, was especially true when a plaintiff's claims are retrospective in nature. *Id.* at 3-4.

Here, much like in *Columbus*, Plaintiffs' claims are fact-intensive and retrospective in nature. *Id.* at 4. Plaintiffs contend that Defendants failed to maintain accurate voter registration lists in violation of state law. Not only is the question one of state law, but Defendants cannot point to any tangible evidence that Plaintiffs' claims are somehow an "attempt[ ] to circumvent [a] federal regulatory scheme." *Id.* Further, an interest in uniformity in results, without more, is not sufficiently substantial to permit removal. *See Burrell*, 918 F.3d at 385.

Amazingly, Defendants – who previously refused to take a position regarding the number of affected registrants while openly disputing Plaintiffs' claims regarding the same – now use

7

Plaintiffs' estimates as the basis to claim a "substantial" federal question. (Dkt. 51 at p. 11). Not only are Defendants' attempts to paint a parade of horribles disingenuous, but again, their theory relies on a question of federal defenses and remedies, none of which confer federal jurisdiction.

**D. Defendants' Theory of Removal Directly Conflicts With State Sovereignty and Federal Court Interference Would Massively Disrupt That Balance**

Defendants' argument that "no state or federal court has ever recognized a cause of action for violations of [N.C. Gen. Stat. § 163-82.11]," (Dkt. 31 at p. 11) proves why remand is necessary and proper. Plaintiffs allege purely state law causes of action, both of which are substantively independent of any federal law counterparts. To the extent a state statute has not yet been interpreted by a court or is otherwise unsettled, and construction by the state's judiciary could avoid the need for federal court involvement, precedent counsels in favor of federal court abstention. *See Pullman Co.*, 312 U.S. 496; *see also Meredith v. Talbot Cnty.*, 828 F.2d 228, 231 (4th Cir. 1987). Additionally, choice of law principles, along with the nature of the state law claims asserted, demands the application of North Carolina substantive law. *See, e.g., Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427-28 (1996).

Plaintiffs are not asking this court or any court to interpret or construe any aspect of federal law. Regardless of any relief provided in this case, HAVA's requirements will remain unchanged. Defendants claim that Section 303(a) of HAVA is predicated on uniformity and on that, Plaintiffs agree. Nothing in Plaintiffs' claims for relief would disrupt that system. Try as they might, Defendants cannot point to any scenario in which asking whether Defendants maintained accurate voter registration lists under state law would have any impact on HAVA's black letter identification collection requirements. To the extent Defendants can muster any arguments relating to HAVA's construction, each clearly pertain to remedies and, as established, those cannot form the basis for federal jurisdiction. Further, Defendants' assertions that Plaintiffs' claims somehow fall within this

court's purview because a sub-section of HAVA provides that the U.S. Attorney General may bring suit to enforce the statute's terms, are similarly implausible. Plaintiffs have not brought any claims under HAVA, nor have they sought vindication under any of its provisions. That the Attorney General is empowered to bring suit under a statute which is not at issue here is of little effect. The fact remains that asking this Court to inject itself into an unsettled question of state law would be the antithesis of what the fourth *Gunn-Grable* factor asks.

## II. 28 U.S.C. § 1443(2) is Inapposite As Plaintiffs' Requested Relief Does Not Require Any Actions Which Are Inconsistent With Federal Civil Rights Law

The text and history of 28 U.S.C. § 1443(2) reveal the novelty and inapplicability of Defendants' theory of removal on this ground. *See Vlaming v. W. Point Sch. Bd.*, 10 F.4th 300, 310 (4th Cir. 2021) *cert. granted, judgment aff'd*, 384 U.S. 890 (1966) (per curiam) (explaining that the refusal clause in § 1443(2) "was intended to enable state officers who refused to enforce discriminatory state laws in conflict with Section 1 of the Civil Rights Act of 1866" to remove their prosecutions to federal court)). Defendants do not, and indeed cannot, point to any requested relief which would actually impact equal rights or racial equality. nor do Defendants argue they are refusing to enforce a discriminatory state law in conflict with the Civil Rights Act. Instead, Defendants equivocate, pointing to election laws generally and claiming that because removal is proper because certain inapplicable statutes were previously held to permit removal under inapposite factual scenarios. Curiously, Defendants claim that an "en masse" removal of persons from the state's voter rolls would systematically disenfranchise voters, as opposed to a "'rigorous individualized inquiry' of the voter's eligibility." (Dkt. 51 at p. 14). But it is Defendants who refused to implement **any** individualized remedy at the front end, thus creating the very situation the parties find themselves in.

Defendants' generalized assertions aside, Plaintiffs are aware of no cases interpreting the NVRA's removal provisions as somehow affecting a "law providing for equal rights" under the meaning of § 1443(2).  Further, Plaintiffs' claims for relief seek a uniform system of applicability, without regard to race, asking only whether the Defendants have complied with state law in determining the accuracy of the state's voter registration list. Defendants are no stranger to removing ineligible persons from the state's voter registration list.[3] Additionally, Defendants argued earlier this year that provisional voting complies with HAVA. *See North Carolina Democratic Party, et al. v. North Carolina State Board of Elections, et al*., 1:23-cv-00862 (M.D.N.C. Oct. 10, 2023), ECF No. 53 at p. 18-19. Thus, Defendants cannot point to any action that would fall into § 1443(2)'s narrow scope. It is Defendants' burden to justify removal; they have failed to carry that burden.

## **CONCLUSION**

Defendants violated state law when they allowed untold numbers of people to be added to the state's voter registration lists despite failing to collect necessary identification information. Rather than correct their wrongs, Defendants did nothing. Now, when faced with accountability, Defendants improperly attempt to invoke this court's jurisdiction. This type of forum shopping should not be condoned. Due to the intensely state-law nature of the Complaint and the relief sought therein, Plaintiffs respectfully request that this Court remand the matter for resolution in state court.

[*Signatures on following page*]

---

[3] *See* Press Release, NCSBE, NC Elections Officials Removed Nearly 750,000 Ineligible Registrants Since Start of 2023 (Sept. 26, 2023), available at: https://www.ncsbe.gov/news/press-releases/2024/09/26/nc-election-officials-removed-nearly-750000-ineligible-registrants-start-2023 (last accessed Oct. 9, 2024).

Respectfully submitted, this, the 11th day of October, 2024.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/   Phillip J. Strach
Phillip J. Strach
North Carolina State Bar no. 29456
Jordan A. Koonts
North Carolina State Bar no. 59363
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
jordan.koonts@nelsonmullins.com


**BAKER DONELSON BEARMAN, CALDWELL & BERKOWITZ, PC**

By: /s/    John E. Branch, III
John E. Branch, III
North Carolina State Bar no. 32598
Thomas G. Hooper
North Carolina State Bar no. 25571
2235 Gateway Access Point, Suite 220
Raleigh, NC 27607
Ph: (984) 844-7900
jbranch@bakerdonelson.com
thooper@bakerdonelson.com

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(f)(2)

I hereby certify that this memorandum of law is in compliance with Local Rule 7.2(f)(2) as the brief, including headings, footnotes, citations, and quotations, contains no more than 10 pages, as indicated by the computer's word processing program.

Respectfully submitted this, the 11th day of October, 2024.

/s/ Phillip J. Strach
Phillip J. Strach
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such to all counsel of record in the above-captioned matter.

Respectfully submitted this, the 11th day of October, 2024.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/ Phillip J. Strach
Phillip J. Strach
North Carolina State Bar no. 29456
Jordan A. Koonts
North Carolina State Bar no. 59363
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
jordan.koonts@nelsonmullins.com

*Counsel for Plaintiffs*