IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-00547-M

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE and NORTH CAROLINA REPUBLICAN PARTY,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, et al.,<br><br>Defendants,<br><br>and<br><br>DEMOCRATIC NATIONAL COMMITTEE,<br><br>Intervenor Defendant. | ORDER |

This matter comes back to the court after the United States Court of Appeals for the Fourth Circuit reversed this court's order remanding Count 2 of Plaintiffs' Complaint to state court and remanded the matter (to this court). *Republican National Committee and North Carolina Republican Party v. North Carolina State Board of Elections et al.*, No. 24-2044 (4th Cir. Oct. 29, 2024), ECF. No. 66 at 4-5; *see also* DE 72 (mandate taking effect Nov. 21, 2024). The Fourth Circuit concluded that this court possesses federal question jurisdiction over Count 2, as well as removal jurisdiction under 28 U.S.C. § 1443(2). *Id.* at 5.

The court accepts subject matter jurisdiction, as ordered. Defendants' motion to dismiss [DE 30] remains partially pending as to Count 2, Plaintiffs' state constitutional claim. The

1

Democratic National Committee ("DNC") filed a memorandum in support of Defendants' motion, DE 48, and Plaintiffs opposed the motion, DE 50. The court has previously considered these filings and held a hearing on them. DE 57. With that background, the court finds that Defendants' motion to dismiss Count 2 should be denied, for the following reasons:

- Defendants contend that Plaintiffs' "threadbare allegations" of vote dilution "cannot survive a motion to dismiss." DE 31 at 22. The court disagrees. Plaintiffs have alleged (1) that Defendants improperly permitted 225,000 individuals to register to vote in North Carolina, (2) that some subset of those 225,000 individuals are ineligible to vote, and (3) that ineligible voters will vote in future elections and dilute the votes of eligible voters. DE 1-3 at 3-4, 11, 15-17, 20. These allegations based on Plaintiffs' "information and belief" are sufficient at this stage because "the necessary information" to substantiate them "lies within defendants' control." *Kareem v. Haspel*, 986 F.3d 859, 866 (D.C. Cir. 2021); *accord Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) ("when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint"); *cf. Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (holding that plaintiff may make allegations upon information and belief "where the belief is based on factual information that makes the inference of culpability plausible");

- Defendants assert that Plaintiffs' equal protection claim "is [] foreclosed by a wealth of case law," in that "[f]ederal courts have routinely rejected [federal] equal-protection claims . . . grounded in vote dilution." DE 31 at 24. This assertion is unpersuasive because Plaintiffs' constitutional claim arises under North Carolina's Constitution. *See Cooper v.*

2

*State of Cal.*, 386 U.S. 58, 62 (1967) (acknowledging "State's power to impose higher standards [for analogous state constitutional provisions] than [those] required by the Federal Constitution if it chooses to do so"); *see also Deminski on behalf of C.E.D. v. State Bd. of Educ.*, 377 N.C. 406, 413, 858 S.E.2d 788, 793 (2021) (plaintiff pleads a colorable state constitutional claim where theory represents "a reasonable and logical extension or modification of the current law");

- The DNC argues that Plaintiffs' equal protection claim is not cognizable, citing *Harper v. Hall*, 384 N.C. 292, 886 S.E.2d 393 (2023). DE 48 at 19. But that case merely held that partisan gerrymandering does not violate the state Equal Protection Clause because it does not implicate "the one-person, one-vote standard." *Harper v. Hall*, 384 N.C. 292, 367, 886 S.E.2d 393, 441 (2023). *Harper* is inapposite in the context of a vote dilution claim premised on a theory of dilution by ineligible voters, not eligible voters of another political party;

- The DNC contends that "the NVRA precludes states from removing people from the voter rolls as plaintiffs request." DE 48 at 20. This contention may be correct, based on a recent opinion from the Fourth Circuit. *See Virginia Coalition for Immigrant Rights v. Beals*, Case No. 24-2071, at 3-4 (4th Cir. Oct. 27, 2024), ECF No. 22; *but see Beals v. VA Coal. for Immigrant Rts.*, No. 24A407, 2024 WL 4608863, at *1 (U.S. Oct. 30, 2024) (staying 4th Circuit's order pending appeal and petition for certiorari). But that would be a reason to deny Plaintiffs a particular form of relief, not to dismiss their constitutional claim outright. *See* Fed. R. Civ. P. 8(a)(3) (pleading must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief");

3

- The DNC asserts that *Purcell v. Gonzalez*, 549 U.S. 1 (2006) prohibits granting Plaintiffs relief in connection with the most recent election. DE 48 at 28. Again, this assertion has merit, but not in the context of a motion to dismiss, particularly where Plaintiffs also seek prospective relief unconnected with the most recent election. *See* DE 1-3 at 21 (seeking "court-approved plan . . . to ensure future compliance with state law and HAVA"); and

- Both Defendants and the DNC argue that the doctrine of laches bars Plaintiffs' claim. DE 3 at 12-15; DE 48 at 26-28. But for that affirmative defense to apply, the plaintiff's delay in bringing suit "must have worked to the disadvantage, injury or prejudice of the person seeking to invoke" the defense. *Stratton v. Royal Bank of Canada*, 211 N.C. App. 78, 89, 712 S.E.2d 221, 231 (2011). Plaintiffs in this action are not going to obtain any relief in connection with the most recent election. But as the court noted at the October 17 hearing, there will be future elections. The alleged improprieties Plaintiffs have raised in their Complaint will persist. To the extent Plaintiffs delayed in bringing this suit, that delay will not operate to the prejudice of Defendants or the DNC because the outcome of this suit will have no bearing on the most recent election.

Defendants' motion to dismiss [DE 30] is DENIED IN PART as to Count 2. That claim shall proceed, and this matter is referred to Magistrate Judge Robert B. Jones, Jr. for entry of a scheduling order.

SO ORDERED this 22d day of November, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE